UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SLIM CAESAR ADAFIA, Petitioner | CIVIL ACTION NO. 1:17-CV-1327-P |
| VERSUS | JUDGE DEE D. DRELL |
| DAVID COLE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Slim Caesar Adafia ("Adafia") (A#205015442). Adafia is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

I.  Background

Adafia is a native and citizen of Ghana. Adafia's order of removal became final on July 22, 2016, when the Board of Immigration Appeals ("BIA") dismissed Adafia's appeal of his order of removal. (Doc. 7-1, p. 22). Adafia claims his removal is unlikely in the reasonably foreseeable future because the Consulate of Ghana will not issue a travel document for Adafia to return to Ghana. (Doc. 7-1, p. 28). Therefore, Adafia claims his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

II.  Service of Process

To determine what action should be taken with respect to this petition,

THE CLERK IS DIRECTED to serve a summons, a copy of the petition (Doc. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, U.S. Immigration and Customs Enforcement (DHS/ICE) through its director, and the warden of the LaSalle Detention Center.

IT IS ORDERED that Respondents file an answer to the petition within sixty (60) days following the date of service. In the answer, Respondents shall provide the Court with summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future or whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in post-removal-order custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. The memorandum should also address whether there is a significant likelihood of removing Petitioner from the United States in the reasonably foreseeable future.

IT IS FURTHER ORDERED that Petitioner will be given thirty (30) days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 8th day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge