a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SLIM CAESAR ADAFIA, Petitioner | CIVIL ACTION NO. 1:17-CV-1327-P |
| VERSUS | JUDGE DEE D. DRELL |
| DAVID COLE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Slim Caesar Adafia ("Adafia") (A#205015442). At the time of filing, Adafia was an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Adafia was being detained at the LaSalle Detention Center in Jena, Louisiana.

Because Adafia has been removed, his petition should be dismissed for lack of jurisdiction.

I. Background

Adafia is a native and citizen of Ghana. Adafia alleges that his order of removal became final on July 22, 2016. (Doc. 1, p. 7). Adafia claims his removal is unlikely in the reasonably foreseeable future, so his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

The ICE Online Detainee Locator Service indicates Adafia is no longer in custody. The office of the United States Attorney for the Western District of Louisiana confirmed that Adafia has been removed.

II. **Law and Analysis**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. See Giles v. Nylcare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999). Because Petitioner is no longer in DHS/ICE custody, the Court cannot order his release. Petitioner's challenge to his post-removal-order detention is now moot.

III. **Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the petition for writ of habeas corpus be DISMISSED without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 9th day of April, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge